IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | I N D I C T M E N T |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| NOAH ROBERT BERGLAND; ) | Violation: 21 U.S.C. §§ 841(a)(1), |
| ANDREW FRANK PRZEKWAS; ) | 843(b), 843(d), 846, 848(a), 848(c), |
| RACHEL RENEE DAHL; ) | and 853; 18 U.S.C. §§ 1956(h) and 2 |
| PETER PHILIP BASTING, ) | |
| a/k/a PHIL BASTING; ) | |
| BRIAN WARREN BRIGGS; ) | |
| NICHOLAS WILLIAM MICHAEL; ) | |
| CHAD THOMAS WHITNEY; ) | |
| RILEY KEVIN WALD; ) | |
| JAMES ROBERT NORD; ) | |
| JACOB BRIAN SKADSEM; ) | |
| ANDREW MICHAEL LUEHRING; ) | |
| TONY JOE GALLE, a/k/a ROLL KID; ) | |
| BRYAN KEITH CAMERON; ) | |
| BEAU ED VASAS, a/k/a MOONBEAM; ) | |
| VARY RATTANASITHY; ) | |
| CHRISTOPHER LEE WEBB; ) | |
| CLINTON JAMES ROONEY; ) | |
| TERA LYNN LAWRENCE; and ) | |
| JAMIE BETH JOHNSTON ) | |

## COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about January 2008 and continuously through the date of this

Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

NOAH ROBERT BERGLAND;
ANDREW FRANK PRZEKWAS;

RACHEL RENEE DAHL;
PETER PHILIP BASTING, a/k/a PHIL BASTING;
BRIAN WARREN BRIGGS;
NICHOLAS WILLIAM MICHAEL;
CHAD THOMAS WHITNEY;
RILEY KEVIN WALD;
JAMES ROBERT NORD;
JACOB BRIAN SKADSEM;
ANDREW MICHAEL LUEHRING;
TONY JOE GALLE, a/k/a ROLL KID;
BRYAN KEITH CAMERON;
BEAU ED VASAS, a/k/a MOONBEAM;
VARY RATTANASITHY;
CHRISTOPHER LEE WEBB;
CLINTON JAMES ROONEY;
TERA LYNN LAWRENCE; and
JAMIE BETH JOHNSTON

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 5,000 grams (5 kilograms) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; marijuana, a Schedule I controlled substance; ecstacy (3,4-methylenedioxymethamphetamine - MDMA), a Schedule I controlled substance; in excess of 100 grams of heroin, a Schedule I controlled substance; and methylone (3,4-methylenedioxymethcathinone), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 5,000 grams (5 kilograms) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

2. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 100 grams of heroin, a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

3. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute marijuana, a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

4. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute ecstacy (3,4-methylenedioxy-methamphetamine - MDMA), a Schedule I controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

5. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute methylone (3,4-methylenedioxy-methcathinone), a Schedule I controlled substance;

6. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

7. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities;

8. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

9. Members of the conspiracy obtained the above-named controlled substances in the Minneapolis-St. Paul area and elsewhere, and sold them to other distributors and customers in cities including, but not limited to: Fargo, North Dakota; Grand Forks, North Dakota; Williston, North Dakota; Moorhead, Minnesota; Alexandria, Minnesota; and Thief River Falls, Minnesota;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

## COUNT TWO

**Money Laundering Conspiracy to Promote Specified Unlawful Activity**

The Grand Jury Further Charges:

From in or about January 2008 and continuously until the date of this Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

NOAH ROBERT BERGLAND;
ANDREW FRANK PRZEKWAS;
BRIAN WARREN BRIGGS;
CHAD THOMAS WHITNEY;
RILEY KEVIN WALD;
JAMES ROBERT NORD;
JACOB BRIAN SKADSEM;
ANDREW MICHAEL LUEHRING;
BRYAN KEITH CAMERON;
VARY RATTANASITHY;
CHRISTOPHER LEE WEBB;
CLINTON JAMES ROONEY;
TERA LYNN LAWRENCE; and
JAMIE BETH JOHNSTON

did knowingly and willfully combine, conspire, confederate, and agree together with others to commit an offense against the United States, specifically, to violate Title 18, United States Code, Section 1956(a)(1)(A)(i), in that members of the conspiracy did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce as described below, to promote a specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), et seq., knowing that the transactions were designed in whole and in

5

part to promote the distribution of controlled substances, in violation of Title 18, United States Code, Section 1956(h).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. During the course of and to further said conspiracy, members of the conspiracy gathered United States currency together that was derived from the sale of controlled substances in North Dakota, Minnesota, and elsewhere;

2. During the course of and to further said conspiracy, members of the conspiracy deposited and withdrew currency from bank accounts in North Dakota, Minnesota, and elsewhere, that was derived from the sale of controlled substances;

3. During the course of and to further said conspiracy, members of the conspiracy, through the use of money wires, transferred, received, and arranged to have United States currency transferred and received to and from various locations in North Dakota, Minnesota, and elsewhere;

4. The placement of currency on stored value cards including, but not limited to, those cards issued by Green Dot and the withdrawal of currency from the stored value cards;

5. The purpose of transferring currency in the above-described means was to promote the distribution of controlled substances;

6. The specific financial transactions include, but are not limited to:

   a. $2,845 Moneygram money wire #15489393 from Fargo, North Dakota, to Minneapolis, Minnesota, dated May 3, 2011;

   b. $1,000 Moneygram money wire #26366994 from Fargo, North Dakota, to Minneapolis, Minnesota, on June 19, 2011;

   c. $2,310 Moneygram money wire #26739060 from Grand Forks, North Dakota, to St. Paul, Minnesota, April 13, 2011;

   d. $700 Moneygram money wire #29414186 from Fargo, North Dakota, to St. Paul, Minnesota, on May 7, 2011;

   e. $2,900 Moneygram money wire #48219793 from Dilworth, Minnesota, to Brooklyn Park, Minnesota, on April 6, 2011;

   f. $1,500 Moneygram money wire #51379612 from Fargo, North Dakota, to Minneapolis, Minnesota, on June 12, 2011;

   g. $3,815 Moneygram money wire #52574497 from Grand Forks, North Dakota, to Brooklyn Park, Minnesota, on March 29, 2011;

   h. $640 Moneygram money wire #58944500 from Fargo, North Dakota, to Minneapolis, Minnesota, on June 10, 2011;

   i. $900 Moneygram money wire #65556848 from Fargo, North Dakota, to St. Paul, Minnesota, on April 8, 2011;

   j. $2,605 Moneygram money wire #69817251 from Grand Forks, North Dakota, to another location in Brooklyn Park, Minnesota, on April 7, 2011;

   k. Additional Moneygram money wires sent and received to and from various locations during the course of, and to promote, the drug trafficking conspiracy;

   l. $700 Western Union money wire #8871764117 from Moorhead, Minnesota, to Apple Valley, Minnesota, on August 6, 2011;

m. $500 Western Union money wire #9801353193 from Grand Forks, North Dakota, to St. Louis Park, Minnesota, on October 2, 2011;

n. $1,840 Western Union money wire #3111783037 from Fargo, North Dakota, to St. Paul, Minnesota, on May 3, 2011;

o. $1,200 Western Union money wire #5343982642 from Fargo, North Dakota, to Minneapolis, Minnesota, on July 9, 2011;

p. $642 Western Union money wire #6095007842 from Fargo, North Dakota, to Minneapolis, Minnesota, on July 10, 2011;

q. $500 Western Union money wire #8393855070 from Warroad, Minnesota, to Dickinson, North Dakota, on November 16, 2011;

r. $700 Western Union money wire #1084450793 from Grand Forks, North Dakota, to another location in Minneapolis, Minnesota, on May 26, 2011;

s. Additional Western Union money wires sent and received to and from various locations during the course of, and to promote, the drug trafficking conspiracy;

t. Numerous bank deposits, wires, and transfers in Wells Fargo account xxx-xxx-8768 held by NOAH ROBERT BERGLAND, which promoted the drug trafficking conspiracy;

In violation of Title 18, United States Code, Section 1956(h).

COUNT THREE

**Conspiracy to Unlawfully Use Wire Communication Facilities**

The Grand Jury Further Charges:

From in or about January 2008 and continuously until the date of this Indictment, in the District of North Dakota, and elsewhere,

NOAH ROBERT BERGLAND;
ANDREW FRANK PRZEKWAS;
BRIAN WARREN BRIGGS;
RILEY KEVIN WALD;
JAMES ROBERT NORD;
JACOB BRIAN SKADSEM;
BRYAN KEITH CAMERON;
CHRISTOPHER LEE WEBB;
TERA LYNN LAWRENCE; and
JAMIE BETH JOHNSTON

did knowingly and intentionally combine, conspire, confederate, and agree together with others, both known and unknown to the grand jury, to use communication facilities in committing and in causing and facilitating the commission of possession with intent to distribute and distribution of the following controlled substances: in excess of 5,000 grams (5 kilograms) of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; marijuana, a Schedule I controlled substance; ecstacy (3,4-methylenedioxymethamphetamine - MDMA), a Schedule I controlled substance; in excess of 100 grams of heroin, a Schedule I controlled substance; and methylone (3,4-methylenedioxymethcathinone), a Schedule I controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. During the course of and to further said conspiracy, members of the conspiracy used cellular and direct connect phones to aid in the distribution of controlled substances;

2. During the course of and to further said conspiracy, members of the conspiracy used money wires to transfer currency derived from the sale of controlled substances to promote the drug trafficking conspiracy including, but not limited, to those transactions listed in Count Two of this Indictment, which is incorporated herein by reference;

In violation of Title 21, United States Code, Sections 843(b), 843(d), and 846.

## COUNT FOUR

## Continuing Criminal Enterprise

The Grand Jury Further Charges:

From in or about January 2008 and continuously until the date of this Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

## NOAH ROBERT BERGLAND

did knowingly and intentionally engage in a Continuing Criminal Enterprise, in that he did violate Title 21, United States Code, Sections 841(a)(1), 843(b), 846, and 848(a) including, but not limited to, the violations alleged in Counts One and Three of this Indictment. These counts are incorporated herein by reference. The above-described violations were, and are, part of a continuing series of violations which include, but are not limited to:

> a. NOAH ROBERT BERGLAND, on multiple and separate occasions, knowingly and intentionally distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in North Dakota, Minnesota, and elsewhere, during the time frame of the enterprise;
>
> b. NOAH ROBERT BERGLAND, on multiple and separate occasions, distributed a mixture and substance containing ecstacy (3,4-methylenedioxymethamphetamine - MDMA), a Schedule I controlled

substance, in North Dakota, Minnesota, and elsewhere, during the time frame of the enterprise;

c. NOAH ROBERT BERGLAND, on multiple and separate occasions, distributed a mixture and substance containing heroin, a Schedule I controlled substance, in North Dakota, Minnesota, and elsewhere, during the time frame of the enterprise;

d. NOAH ROBERT BERGLAND, on multiple and separate occasions, distributed marijuana, a Schedule I controlled substance, in North Dakota, Minnesota, and elsewhere, during the time frame of the enterprise;

e. NOAH ROBERT BERGLAND knowingly and intentionally aided, abetted, counseled, commanded, induced, and procured indicted co-conspirators to engage in the following transactions:

1. On multiple and separate occasions, indicted and un-indicted co-conspirators distributed a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in North Dakota, Minnesota, and elsewhere, during the time frame of the enterprise at the direction of NOAH ROBERT BERGLAND;

2. On multiple and separate occasions, indicted and un-indicted co-conspirators distributed a mixture and substance containing ecstacy (3,4-methylenedioxymethamphetamine - MDMA), a

Schedule I controlled substance, in North Dakota, Minnesota, and elsewhere, during the time frame of the enterprise at the direction of NOAH ROBERT BERGLAND;

3. On multiple and separate occasions indicted and un-indicted co-conspirators distributed a mixture and substance containing heroin, a Schedule I controlled substance, in North Dakota, Minnesota, and elsewhere, during the time frame of the enterprise at the direction of NOAH ROBERT BERGLAND;

4. On multiple and separate occasions, indicted and un-indicted co-conspirators distributed marijuana, a Schedule I controlled substance, in North Dakota, Minnesota, and elsewhere, during the time frame of the enterprise at the direction of NOAH ROBERT BERGLAND;

f. NOAH ROBERT BERGLAND knowingly and intentionally aided, abetted, counseled, commanded, induced, and procured another person(s) to unlawfully engage in the the drug trafficking conspiracy in Count One and the unlawful use of a wire communication facility in Count Three of this Indictment, which are both incorporated herein by reference.

These continuing series of violations were undertaken by NOAH ROBERT BERGLAND in concert with at least five other persons with respect to whom NOAH

ROBERT BERGLAND occupied a position of organizer, supervisor, and manager including, but not limited to, the following individuals: (1) RACHEL RENEE DAHL; (2) ANDREW FRANK PRZEKWAS; (3) G. K. T.; (4) D. M. B.; (5) A. J. A.; (6) C. B. D.; (7) M. S. G. ; (8) A. M. A. ; and (9) JAMES ROBERT NORD;

From these continuing series of violations NOAH ROBERT BERGLAND obtained substantial income;

In violation of Title 21, United States Code, Sections 848(a), 848(c), and Title 18, United States Code, Section 2.

# FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of NOAH ROBERT BERGLAND of any one of the controlled substance offense alleged in Counts One and Four, in violation of Title 21, United States Code, Sections 846 and 848,

NOAH ROBERT BERGLAND

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One and Four of this Indictment, including, but not limited to, the following:

$250,000 in United States Currency

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above;

In violation of Title 21, United States Code, Section 853.

A TRUE BILL:

/s/ Grand Jury Foreperson
Foreperson


/s/ Timothy Q. Purdon
TIMOTHY Q. PURDON
United States Attorney

CCM:ld